Belcher v. Hewlett-Packard Company    CV-96-529-JD  04/17/97

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


James Belcher

     v.                                    Civil No. 96-529-JD

Hewlett-Packard Company



                            **O R D E R**

          Plaintiff James Belcher, a former employee of the
Hewlett-Packard Company (H-P), has sued H-P's income protection
plan pursuant to section 502(a)(1)(B) of the Employee Retirement
Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B).
Plaintiff alleges that the plan's administrator -- Voluntary Plan
Administrators, Inc. (VPA) -- wrongfully denied his claim for
disability benefits.  The parties agree that the plan gives VPA
broad discretionary authority to determine claimants' eligibility
for benefits, and that this court therefore only should determine
whether VPA abused the discretion given it.  See Firestone Tire &
Rubber Co. v. Bruch, 489 U.S. 101, 111-15 (1989).  They disagree,
however, over what the applicability of the abuse-of-discretion
portends for discovery.

          Pointing to a series of cases which have held that
courts applying a deferential standard of review to benefits
claims generally ought to confine themselves to the record before
the plan administrator at the time the decision was made, see

Kiley v. Travelers Indemn. Co., 853 F. Supp. 6, 13-14 (D. Mass. 1994) (collecting cases), defendant asserts an entitlement to a protective order "preclud[ing] plaintiff from seeking discovery other than VPA's administrative record, which defendant has already provided." Plaintiff counters that the question whether the plan administrator abused its discretion can entail consideration of matters other than the evidentiary record before the plan administrator, cf. Sandoval v. Aetna Life & Casualty Ins. Co., 967 F.2d 377, 378 (10th Cir. 1992) (noting fact that the terms of the contract between the plan administrator and the plan sponsor created no incentive for plan administrator to deny benefits claims), and that Fed. R. Civ. P. 26(b)(1) countenances the discovery of material reasonably calculated to lead to admissible evidence of this sort. Plaintiff has the better argument.

To the extent that defendant is taking the position that only admissible evidence is discoverable, it ignores the plain language of Fed. R. Civ. P. 26(b)(1). To the extent that defendant sees the protective order as logically compelled by the fact that VPA's decision will only be reviewed for an abuse of discretion (which presumably will preclude the court from taking into account medical evidence not submitted to VPA), it fails to see that discretion can be abused in ways other than rendering a

2

decision that is irreconcilable with its evidentiary bases.  For example, plaintiff claims that some of the evidence VPA relied upon was its synopses of telephone conversations it had with certain individuals.  If those individuals were to testify that they gave VPA information at odds with VPA's written synopses, surely their testimony would be relevant to whether VPA abused its discretion with respect to interpreting the information on which it purported to base its ruling.  And just as surely, plaintiff would be entitled to conduct limited discovery aimed at garnering such testimony.  See Hemphill v. Unisys Corp., 855 F. Supp. 1225, 1239 (D. Utah 1994) (in circumstances similar to this case, discovery "limited to evidence submitted to the administrator prior to the final denial of Hemphill's claims or which otherwise tends to show an abuse of discretion") (emphasis supplied); cf. Pension Benefit Guaranty Corp. v. LTV Steel Corp., 119 F.R.D. 339, 340-42 (S.D.N.Y. 1988) (discussing circumstances when limited, extra-record discovery is warranted to review an agency decision reviewable only under the "arbitrary and capricious" standard).[1]  None of the authority cited by defendant

---

[1]Indeed, a strong argument can be made that what was telephonically related to VPA, and not VPA's synopses thereof, constitutes the "administrative record" relied upon.  Thus, the parties' dispute might well be less whether matters outside the administrative record are discoverable and more what constitutes the administrative record.

3

is to the contrary.

This order does not mean, of course, that plaintiff is free to go on an unfettered fishing expedition. All it means is that the legal argument advanced by defendant -- applicability of the abuse-of-discretion standard necessarily implies that plaintiff only is entitled to discover VPA's administrative record -- is without merit.

For the reasons stated, defendant's motion for a protective order [document no. 14] is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 17, 1997

cc: Paul M. DeCarolis, Esq.
Robert R. Lucic, Esq.
Joseph P. Busch, Esq.

4